### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

**TRAVIS SCHMOOK**                                    **CIVIL ACTION**

**VERSUS**
                                                      **NO. 20-309-JWD-SDJ**
**THE KANSAS CITY SOUTHERN**
**RAILWAY COMPANY, et al.**

<u>**ORDER**</u>

Before the Court is a Motion to Fix Attorneys' Fees and Costs (R. Doc. 23) filed by Defendant Kansas City Southern Railway Company on December 6, 2021. Plaintiff has not opposed this Motion, and the deadline for doing so has long passed. For the reasons set forth below, Defendant's Motion is **granted in part** and **denied in part**.

### I.    RELEVANT BACKGROUND

On September 14, 2021, Defendant filed a Motion to Compel and for Sanctions against Plaintiff, seeking an order compelling Plaintiff to be deposed again and to provide supplemental responses to certain previously-propounded written discovery.[1] Defendant also sought an award of reasonable expenses and attorney's fees associated with filing the Motion to Compel.[2] On November 23, 2021, the Court granted Defendant's Motion to Compel and for Sanctions and, as Defendant had provided no information regarding the costs and fees incurred in filing said Motion, instructed Defendant to file a motion setting forth those expenses.[3] Defendant complied, filing the instant Motion.

---

[1] R. Doc. 8 at 1.
[2] *Id.*
[3] R. Doc. 22 at 13-14.

## II.   STANDARD OF REVIEW

If a motion to compel is granted, Rule 37(a) allows the court to award "reasonable expenses incurred in making the motion, including attorney's fees," after affording the parties an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A).   "The Supreme Court has specified that the 'lodestar' calculation is the 'most useful starting point' for determining the award for attorney's fees." *Leonard v. Chet Morrison Contractors, LLC*, No. 19-1609, 2021 WL 493070, at *1 (E.D. La. Feb. 10, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   Lodestar is computed by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*   However, a court "should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* (citations omitted).   "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." *Id.* (quoting *Abrams v. Baylor Coll. Of Med.*, 805 F.2d 528, 535 (5th Cir. 1986)).   The lodestar amount is presumed to be the reasonable fee, but it may be adjusted upward or downward after consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).   *Wright v. Bd. of Comm'rs of Capital Area Transit Sys.*, No. 20-644, 2022 WL 71861, at *1 (M.D. La. Jan. 6, 2022).[4]

The burden of establishing the reasonableness of the fees is on the party seeking attorneys' fees and must be demonstrated "by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment."   *Leonard*, 2021 WL 493070, at *2 (citing *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F.Supp.2d 279, 286 (E.D. La. 2008)).

---

[4] Those factors include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

III.    **ANALYSIS**

In its Motion to Fix Attorneys' Fees and Costs, Defendant requests a total of $5,410.39 in expenses.[5]  This is broken into two amounts, $4,920.00 in attorneys' fees and $490.39 in costs.[6]  Both of these amounts are addressed, in turn, below.

A.    **Reasonable Hourly Rate**

Turning first to the requested attorneys' fees, Defendant bases its request on the number of hours spent by two attorneys, one partner and one associate, on drafting the Motion to Compel multiplied by each attorneys' hourly rate.[7]  "Reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant community." *LeBlanc v. Fed Ex Ground Package Sys., Inc.*, No. 19-13274, 2021 WL 5994966, at *2 (E.D. La. Apr. 12, 2021) (quoting *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (internal quotations omitted). "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *Id.* (quoting *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005)).

The charged rate for the lead attorney, a partner in his law firm who has practiced for 39 years, is $250 an hour for this case, reduced from his standard hourly rate of $340.[8]  The rate for the associate, who has practiced for less than two years, is $150 an hour for this case, reduced from his standard rate of $215 an hour.[9]  Based on these attorneys' years of practice and expertise, the Court finds these hourly rates reasonable. *See Jamison Door Co. v. Southeast Material Handling*

---

[5] R. Doc. 23 at 1.
[6] *Id.*
[7] R. Doc. 23-1 at 2, 4.
[8] *Id.* at 4-5
[9] *Id.*

*LLC*, No. 16-778, 2017 WL 4387377, at *7 (M.D. La. Oct. 3, 2017) (reducing hourly rate of partner to $280 and of associate to $150); *LeBlanc*, 2021 WL 5994966, at *2 (finding rate of $350/hour for attorney with 29 years of experience and $250/hour for attorney with 10 years of experience reasonable); *Blackwater Diving, LLC v. Monforte Exploration, LLC*, No. 15-70, 2015 WL 4397142, at *1 (E.D. La. July 16, 2015) (finding reasonable rates of $280/hour for lead attorney and $150/hour for associate based on their respective experience).

### B.     Reasonable Number of Hours

Per Defendant, "25.2 hours of legal services" were expended in relation to the Motion to Compel.[10]  The Court finds this number of hours excessive.[11]  In explaining the number of hours spent, Defendant states that "Plaintiff's deposition testimony is of paramount importance to this case," thereby justifying the time spent on the Motion to Compel.[12]  Defendant continues that the testimony that was elicited from Plaintiff during his testimony "revealed deficiencies in his written discovery responses, further requiring [Defendant] to supplement the Motion to Compel to include the Court's order to compel supplemented written discovery."[13]  While the Court does not dispute the accuracy of these claims, it does find that these proffered justifications do not explain the expenditure of over 25 hours by two attorneys on a single motion to compel.  This was a relatively simple Motion to Compel primarily concerning a request to re-depose Plaintiff based on improper interference by Plaintiff's counsel.  Thus, for example, while a review of the transcript of Plaintiff's deposition was required, the Court finds that the over five hours spent by the two attorneys

---

[10] R. Doc. 23-1 at 3.
[11] The Court's analysis is limited to the reasonableness of the work performed on the Motion to Compel in the specific context of an award of fees under Rule 37(a). The Court's finding that the amount of time spent was excessive in that context does not mean that the work performed was not appropriate or valuable in defense of the case, generally.
[12] *Id.*
[13] *Id.* at 3-4.

combined in reviewing the transcript is unreasonable.[14] Similarly, the combined 3.7 hours spent by the attorneys finalizing and filing the Motion to Compel appears duplicative and excessive for purposes of an award of fees.[15] Moreover, several time entries described only as "Work on motion to compel" by the lead attorney appear both prior to entries by the associate attorney for drafting same and duplicative of the work done by the associate attorney, which work includes drafting, amending, and revising the motion to compel.[16]

This Court and courts in this circuit have found as reasonable for a motion to compel far fewer hours than the number requested by Defendant. *See, e.g., Leonard*, 2021 WL 493070, at *3 (finding 4.05 hours in connection with motion to compel reasonable and compensable); *Cherry v. Shaw Coastal, Inc.*, No. 08-228, 2009 WL 10679408, at *3 (M.D. La. Aug. 14, 2009) (finding 3.8 hours spent on an "uncomplicated" motion to compel that "required little to no legal research" was excessive and reducing it to 2 hours); *Engender, LLC v. Cypress Zone Prods., LLC*, No. 20-1591, 2021 WL 3423589, at **3-4 (E.D. La. Aug. 5, 2021) (finding the 25.8 hours claimed "not reasonable" for a "standard, non-complex motion [to compel]" and reducing that number to 4.8 hours); *Shaw v. Ciox Health LLC*, No. 19-14778, 2021 WL 928032, at *3 (E.D. La. Mar. 11, 2021) (reducing hours from the 3.8 hours claimed to 2 hours as "the maximum reasonable amount of time necessary" for a "simple Motion to Compel"); *Creecy,* 548 F. Supp. 2d at 286 (holding that 1.5 hours drafting a motion to compel, .40 hours conferring with opposing counsel, .10 hours corresponding about the motion to compel, .10 reviewing correspondence about the motion to compel, and .10 hours reviewing and analyzing the motion to compel were all reasonable).

---

[14] R. Doc. 23-2 at 2; R. Doc. 23-3 at 1.
[15] R. Doc. 23-3 at 2.
[16] *Id.* at 1-2; R. Doc. 23-2 at 2.

Given this precedential and/or persuasive case law, the Court finds that a downward adjustment of the reasonable hours expended is warranted here.  To that end, the Court finds the Eastern District's ruling in *Engender v. Cypress Zone Productions, LLC* instructive here.  In that case, plaintiff's counsel submitted a total of 32.2 hours of legal services connected with a prior motion to compel, which request plaintiff reduced to 25.8 hours "in the exercise of billing judgment."  2021 WL 3423589, at *2.  Upon review of the motion to compel there at issue, the court found it to be a "standard, non-complex motion" which contended that the defendant's responses to written discovery requests were substantially deficient.  *Id.* at **1, 3.  The court, after finding the requested 25.8 hours submitted "not reasonable," awarded the plaintiff 4.8 hours in connection with its motion to compel.  *Id.* at **3-4.

Here, Defendant's Motion to Compel involved a request for additional responses to one request for production and one interrogatory, in addition to the re-deposition of Plaintiff.[17]  While the Court finds it, too, is a standard, non-complex Motion, the Court also recognizes the additional need to review the transcript of Plaintiff's deposition in preparing said Motion.  Therefore, taking that into consideration, as well as this and other courts' prior findings regarding reasonable numbers of hours for preparing motions to compel, the Court adjusts Defendant's request downward from 25.2 hours to 6 hours.

### C.    Total Amount

Despite this Court's downward adjustment of the number of hours submitted by Defendant, the Court, after considering the *Johnson* factors, does not find an adjustment to the lodestar is warranted here.  *See Engender*, 2021 WL 3423589, at *4.  The Court notes that of the hours submitted by Defendant, work by the associate, Mr. Martin, composed approximately 55 percent

---

[17] R. Doc. 8 at 1.

of the total hours submitted, while work by the partner, Mr. Talley, composed approximately 45 percent of the total.  Applying those percentages to the new hour award, the Court finds that 55 percent of 6 hours is 3.3 hours, and 45 percent of 6 hours is 2.7 hours.  Multiplying these revised hours by the hourly rate for the two attorneys results in $675 for Mr. Talley and $495 for Mr. Martin, for a total amount of $1,170 in attorneys' fees.

### D.    Request for Additional Costs

In addition to attorneys' fees, Defendant also seeks $490.39 in alleged costs associated with the Motion to Compel.[18]  Per Defendant, this amount was "to pay for the court reporter's services despite being forced to abort Plaintiff's deposition without obtaining the requisite testimony."[19]  As argued by Defendant, "[t]his cost should be included in the Court's award because additional court reporter costs would not be necessary had Plaintiff's counsel's obstructive behavior not resulted in the deposition's premature conclusion."[20]  While the Court does not dispute this assertion, it only asked for "expenses associated with the filing of this Motion."[21]  Moreover, "Rule 37(a) only allows a court to award fees and expenses incurred in securing the order compelling discovery." *Leonard*, 2021 WL 493070, at *3 (citations omitted).  Thus "[w]hen the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel … the reasonable hours recoverable under Rule 37 are limited to only those hours directly connected to the motion to compel." *Id.*  (citing *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004)).  Finding that the cost of a court reporter for Plaintiff's deposition is a cost not associated with the Motion to Compel, the Court denies Defendant's request.

---

[18] R. Doc. 23-3 at 3.
[19] R. Doc. 23-1 at 5.
[20] *Id.*
[21] R. Doc. 22 at 14.

IV.   **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Fix Attorneys' Fees and Costs (R. Doc. 23)

is **GRANTED in part** and **DENIED in part**, as stated herein.

**IT IS FURTHER ORDERED** that, pursuant to Rule 37(a)(5)(A) of the Federal Rules of

Civil Procedure and this Court's prior Order (R. Doc. 22), Plaintiff shall pay Defendant the amount

of $1,170 in reasonable attorneys' fees incurred in bringing the Motion to Compel.

**IT IS FURTHER ORDERED** that Plaintiff must satisfy this obligation to Defendant

within **30 days** from the date of this Order.

Signed in Baton Rouge, Louisiana, on September 30, 2022.


_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**