UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**TRAVIS J. SCHMOOCK**

**VERSUS**

**THE KANSAS CITY SOUTHERN RAILWAY COMPANY and STATE OF LOUISIANA,** *through the Department of Transportation and Development (DOTD)*

**CIVIL ACTION**

**NO. 20-309-JWD-SDJ**

## ORDER AND RULING

This matter comes before the Court on a *Motion for Summary Judgment* (Doc. 33) filed by Defendant the Kansas City Southern Railway Company ("KCSR" or "Defendant"). Plaintiff, Travis Schmoock ("Plaintiff") opposes this motion. (Doc. 37.) KCSR has filed a reply. (Doc. 38.) After obtaining leave of this Court, Plaintiff filed a sur-reply (Doc. 43), and KCSR filed a sur-sur-reply (Doc. 46). Oral argument is not necessary. After careful consideration of the law, facts in the record, and the parties' arguments and submissions, the Court is prepared to rule. For the following reasons, the *Motion for Summary Judgment* is granted in part and denied in part.

### I. BACKGROUND

This case arises out of Plaintiff's single-vehicle accident in Point Coupee Parish, Louisiana. (Statement of Material Facts ("*SMF*"), Doc. 33-1 at ¶ 1; Plaintiff's Opposing Statement of Material Facts in Lieu of Affidavit of Material Witness ("*POSMF*"), Doc. 43-1 at ¶ 1.)[1] On July 25, 2018, Plaintiff was operating a motorcycle and traveling between forty-five and fifty miles-per-hour as

---

[1] This fact, among others, in the *SMF* is uncontested. As a result, under M.D. La. L.R. 56(f), the Court can deem these facts admitted. *Id.* ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."). However, in instances where KCSR's assertions in the *SMF* are contradicted by other summary judgment evidence in the record, the Court may deviate from strict enforcement of this rule. *See Smith v. Brenoettsy*, 158 F.3d 908, 910 n.2 (5th Cir. 1998). This fact is not one of those instances, as it is largely uncontroversial and unrebutted.

he approached a railroad crossing owned by KCSR and located at Mile Post 767.50 on Chenal Road (the "Railroad Crossing"). (*SMF*, Doc. 33-1 at ¶¶ 2–3; *POSMF*, Doc. 43-1 at ¶¶ 2–3.) Plaintiff asserts negligence claims against KCSR for its failure to (1) take all precautions to avoid this casualty; (2) properly inspect the tracks; (3) properly maintain the tracks; and (4) warn about the allegedly defective condition. (Doc. 33-2 at 2 (citing Doc. 1, Ex. A, ¶ 4).)

## II.   PREEMPTION

In its *Motion for Summary Judgment*, Defendant argues that Plaintiff's state law negligence claims are preempted by the Federal Railroad Safety Act, 49 U.S.C. 20101, *et seq.* (Doc. 33-2 at 4–7; *see also* Doc. 46 at 3.) While the Federal Railroad Safety Act does have an express preemption provision (*see* 49 U.S.C. § 20106), the Act makes a carve out for state law personal injury claims:

> (b) Clarification regarding State law causes of action.—(1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging that a party—
>
> > (A) has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of this section;
> >
> > (B) has failed to comply with its own plan, rule, or standard that it created pursuant to a regulation or order issued by either of the Secretaries; or
> >
> > (C) has failed to comply with a State law, regulation, or order that is not incompatible with subsection (a)(2).

49 U.S.C. § 20106(B)(1)(A)–(C). *See also Harris v. Norfolk S. Ry. Co.*, 784 F.3d 954, 962 (4th Cir. 2015) (alteration in original) (quoting 49 U.S.C. § 20106(b)(1)(A)) ("The FRSA's preemption provision does not prevent a state-law action seeking damages for personal injury based on an allegation that the defendant 'has failed to comply with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation . . . covering' laws, regulations, and

orders related to railroad safety."). Plaintiff's original Petition does make specific allegations as to violations of state law through alleging negligence. (Doc. 1-1 at 4.) Further, Plaintiff provided the following through his discovery response:

> **INTERROGATORY NO. 24:**
> Identify which specific law(s), rule(s), regulation(s), and/or policy(ies) that you allege KCSR violated during the time period relevant to this litigation.
>
> **RESPONSE NO. 24:**
> All State and Federal regulations imposing a duty upon the defendants to inspect and maintain the subjection railroad crossing, including but not limited to the requirements under 49 CFR 213.233.

(*See* Doc. 33-8.) As such, the Court does not find that Plaintiff's state law negligence claims for his personal injuries are preempted by 49 U.S.C. § 20106.

Defendant relies on *Ryder v. Union Pac. R.R. Co.*, No. 15-431, 2018 WL 3077792, at *5 (M.D. La. June 19, 2018), *aff'd*. 945 F.3d 194 (5th Cir. 2019) to support its preemption argument. However, *Ryder* is distinguishable from the present case in one critical aspect. Unlike in the case at issue where Plaintiff alleges that Defendant's negligence resulted from its non-compliance with federal regulations, the negligence claims in *Ryder* were preempted because the Plaintiff failed to present evidence that Defendant violated a federal regulation. *Id.* ("[T]he FRSA comprehensively covers the maintenance, repair, and inspection of track condition; including the frequency and manner of inspection, and those who are qualified to do so. As such, Plaintiffs' state law negligence claims are preempted. Since Plaintiffs have presented no summary judgment evidence that UP was in violation of any federal regulations in regards to inspecting and maintaining the crossing, summary judgment is granted in favor of UP and those claims are dismissed with prejudice." (footnotes omitted)). For this reason, relying on *Ryder* to support Defendant's claim of preemption is unpersuasive.

### III.   NEGLIGENCE CLAIM:

Finding Plaintiff's claims not preempted by federal law, the Court must next determine "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To succeed in his negligence claims, Plaintiff must satisfy Louisiana's duty-risk analysis, which requires him to prove:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.

*Christy v. McCalla*, 2011-0366 (La. 12/6/11); 79 So. 3d 293, 299 (citing *Pinsonneault v. Merchs. & Farmers Bank & Trust Co.*, 2001-2217, (La. 4/3/02); 816 So. 2d 270, 275–76). "A movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Id.* (citing *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, when ruling on this motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In short, the Court will grant Defendant's *Motion for Summary Judgment* in part and deny in part. With respect to Plaintiff's Failure to Warn Claim, Defendant's motion is granted, and this claim is dismissed with prejudice. As to Plaintiffs' Failure to Inspect/Maintain Claim, Defendant's motion is denied.

### A. Failure to Warn

Plaintiff alleges in his state court Petition that Defendant failed to warn drivers of the railroad's dangerous condition. (Doc. 1-1 at 4.) However, in his summary judgment briefing, Plaintiff does not address this claim and instead suggests that facts relating to this claim are immaterial to his suit.

Pursuant to La. R.S. § 32:169, Defendant is required to erect and maintain a crossbuck sign at all public railroad crossings. (Doc. 33-2 at 10.) Defendant asserts in its *SMF* that "[t]he Railroad Crossing is protected by a crossbuck sign, flashing lights, and an audible warning system[,]" and "[i]n 2018, KCSR's tested the Railroad Crossing's warning systems each month leading up to Plaintiff's accident to ensure the warning systems were functional and operating." (*SMF*, Doc. 33-1 at ¶¶ 10–11.) In his *POSMF*, Plaintiff does not admit or deny Defendant's assertions and instead asserts that "[t]he existence of a crossbuck sign, flashing lights, and an audible warning system is immaterial to the facts of the case." (*POSMF*, Doc. 43-1 at ¶ 10.)

The Court finds that Plaintiff has not properly denied Defendant's assertions regarding warning systems and instead has conceded that it cannot succeed in its Failure to Warn Claim. *See* M.D. La. L.R. 56(f). As such, the Court finds that summary judgment as to this claim is warranted and dismisses this claim with prejudice.

### B. Failure to Inspect/Maintain

#### 1. *Duty and Breach*

"The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law." *Bufkin v. Felipe's La., LLC*, 2014-0288, (La. 10/15/14); 171 So. 3d 851, 855 (citing *Milbert v. Answering Bureau, Inc.*, 2013-0022, (La. 6/28/13); 120 So. 3d 678, 687–88). The parties offer differing views regarding the nature of the duty owed by Defendant. Plaintiff contends that because "this incident occurred at a railroad 'crossing,' inspection at this location is governed by 49 C.F.R. § 213.235…." (Doc. 37 at 2.) Defendant asserts, however, that "on-foot inspections are required for a completely different railroad track composition than the one at issue: track crossings." (Doc. 38 at 2.) Defendant argues that the applicable regulation for the Railroad Crossing is 49 C.F.R. § 213.233. (*Id.* at 5.)

Regardless of what inspection requirement standard is applicable, a denial of summary judgment is warranted. As this Court has previously stated:

> [J]uries are generally entitled to hear evidence of applicable safety rules and standards. *See, e.g.*, *Baham v. Nabors Drilling USA, LP*, 721 F. Supp. 2d 499 (W.D. La. 2010), *aff'd sub nom. Baham v. Nabors Offshore Corp.*, 449 Fed. Appx. 334 (5th Cir. 2011) ("Violations of [national safety institute standards] are not bases for negligence *per se* as they are not legislative enactments, laws or regulations... Nevertheless, in some cases, those standards might be applicable to establish the standard of care under a general negligence analysis"(citations omitted)); *Bergeron v. Wal–Mart Stores, Inc.*, 617 So. 2d 179, 180 (La. App. 3 Cir. 1993) (reducing percentage for which plaintiff was comparatively at fault in part because of defendant's failure to comply with "numerous safety standards"); *Bowles v. Litton Indus., Inc., Monroe Sys. for Bus. Div.*, 518 So. 2d 1070, 1075 (La. App. 5 Cir. 1987) ("The ANSI standards represent precautionary measures adopted through the consensus of governmental agencies, industry concerns, labor representatives and insurance companies. Such standards, while not definitive in assessing liability, do provide guidelines for determining whether a condition presents an unreasonable risk of harm." (collecting cases))

*Baxter v. Anderson*, 277 F. Supp. 3d 860, 864 (M.D. La. 2017).

Pursuant to 49 C.F.R. § 213.235, an on-foot inspection must be conducted at least once per

month. Defendant's own exhibits prove that on-foot inspections never occurred. (Doc. 37 at 3; *see also* Doc. 33-6, Ex. D; Doc. 33-9, Ex. G.) Thus, if the Court were to consider 49 § C.F.R. 213.235 as evidence of the applicable standard of care, Defendant would be in breach. Alternatively, assuming *arguendo* that 49 C.F.R. § 213.233 is the proper regulation, Plaintiff's testimony, Mr. Andre's affidavit, and Plaintiff's photograph exhibits establish a genuine issue of material fact as to whether Defendant properly conducted visual inspections of the Railroad Crossing. (*See* Docs. 37-2; 39-2.)

Section 213.233(b) imposes the duty to conduct a reasonable visual inspection in light of all the circumstances. *Harris v. Norfolk S. Ry. Co.*, 784 F.3d 954, 967–68 (4th Cir. 2015) (citations omitted). Section 233(d) provides that if an inspector conducting an inspection "finds a deviation from the requirements of [the track safety standards], the inspector shall immediately initiate remedial action." *Id.* at 958–59 (citing 49 C.F.R. § 213.233(d)). Defendant asserts that it inspected the Railroad Crossing in accordance with these provisions and did not observe a defect at the Railroad Crossing. (Doc. 33-1, ¶¶ 3–4, 6–7; *see also* Doc. 33-2 at 2 ("To satisfy its duty to inspect and maintain the crossing, KCSR inspected the crossing . . . in accordance with [49 CFR 213.233] . . . twice a week, with the most recent inspection occurring one day before Plaintiff's accident.").) Defendant contends that "[n]either KCSR nor its employees had any knowledge of the Railroad Crossing's alleged defects before Plaintiff's accident." (Doc. 33-1 at ¶ 9.)

However, according to Plaintiff, Mr. Andre's affidavit "attested to the fact that loose boards existed at the location for at least five (5) years prior to the date of the accident, and that some of the loose timbers never had affixing hardware installed." (Doc. 43-1, ¶¶ 3–5, 7, 9.) Moreover, Mr. Andre attested to the accuracy of the images of the loose timbers, which show no markings indicating that installation of affixing hardware ever occurred. (Doc. 43-2 at 3.) Plaintiff asserts that this evidence indicates that the defects "were open and obvious, and are strongly suggestive

7

of the fact that the defendants: 1. Did not inspect the location as they contend; 2. Were negligent in their inspection of the site; or 3. Did not install the timbers according to required standards." (*Id.*)

Defendant counters that the evidence provided in Mr. Andre's affidavit "merely depicts the crossing's condition on the date of the accident, which cannot in itself give rise to [Defendant's] legal liability because '[e]very railroad crossing has its own particular dynamics which may include one or more hazards.' " (Doc. 46 at 2.) Thus, according to Defendant, "[t]his evidence alone is insufficient to substantiate Plaintiff's claim that [Defendant] failed to conform its conduct to a standard of care (*i.e.*, breached a duty owed to Plaintiff)." (*Id.* at 3.) However, in resolving motions for summary judgment, the Court must deny the motion "so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor." *Imani v. City of Baton Rouge*, 614 F. Supp. 3d 306, 334 (M.D. La. July 14, 2022) (deGravelles, J.) (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (cleaned up)). Indeed, "the nonmoving party may nevertheless defeat the motion by countering with evidence of its own, which, if credited by the fact-finder, would entitle the nonmoving party to a verdict in its favor." *Id.*

Construing the evidence in a light most favorable to Plaintiff and drawing reasonable inferences in his favor, a reasonable juror could conclude that Defendant breached its duty of reasonable care by failing to conduct proper visual inspections pursuant to 49 C.F.R. § 213.233. Specifically, a reasonable juror could find the photographs and the affidavit of the condition of the Railroad Crossing for approximately 5 years adequately prove Defendant's improper inspections or knowledge of a defect the was not remedied. As such, the Court finds that Defendant has failed to meet its burden as to the duty and breach elements of negligence.

### *2. Damages and Causation*

It is undisputed that Plaintiff suffered injuries following an accident on the Railroad Crossing. However, the parties offer differing opinions as to the cause of that accident.

Plaintiff argues that the Defendant's improper maintenance and inspection of the Railroad Crossing caused the accident. (*See* Doc. 37 at 3–4.) Plaintiff supports this allegation with the testimony of his personal knowledge and his observation of the crossing after the accident. (*See id.* (citing Doc. 37-2, Ex. B).) Further, the condition of the defective Railroad Crossing at the time of the incident, Plaintiff contends, is evidenced by the photograph exhibits. (*See id.* (citing Doc. 37-2, Ex. B).) Defendant asserts that "Plaintiff has no evidence to show that the allegedly defective crossing caused his motorcycle accident." (Doc. 33-2 at 11 ("Despite Plaintiff's inspection and maintenance allegations, the record lacks any corroborating evidence that the allegedly loose crossing timber was the proximate cause of Plaintiff's accident.").) Defendant argues that summary judgment is appropriate without factual evidence substantiating Plaintiff's allegations and testimony regarding causation. (*Id.*) However, this Court has acknowledged that "testimony based on personal knowledge and containing factual assertions suffices to create a fact issue, even if it is self-serving." *Parkman v. W&T Offshore, Inc.*, 673 F. Supp. 3d 811, 828 (M.D. La. 2023) (deGravelles, J.) (internal quotations omitted) (quoting *Hardy v. Wood Grp. PSN, Inc.*, No. 13-775, 2014 WL 1664236, at *3 (W.D. La. Apr. 25, 2014)).

Furthermore, Defendant argues that "KCSR properly installed the timber crossing, which is appropriate and standard in the railroad industry." (Doc. 33-2 at 11.) "Thus, Plaintiff's negligence claim must also fail because Plaintiff has no proof beyond his mere allegations that the crossing at issue was the actual or legal cause of Plaintiff's accident." (*Id.*) However, Plaintiff's photograph exhibits and the affidavit of Mr. Andre are sufficient evidence to create a genuine issue of material fact as to this element.

Finding that Plaintiff has shown issues of fact as to each disputed element of his Failure to

Maintain/Inspect Claim, the Court finds that granting summary judgment as to this claim is inappropriate. As such, Defendant's motion with regard to this claim is denied.

### IV. EVIDENTIARY OBJECTIONS

The Court notes that Defendant asserts that certain evidence submitted by Plaintiff is prohibited evidence of subsequent remedial measures. (Doc. 38-1 at 1 (citing FRE 407).) Federal Rule of Evidence 407 provides:

> When measures are taken that would have made an earlier injury or harm less
> likely to occur, evidence of the subsequent measures is not admissible to prove:
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
> But the court may admit this evidence for another purpose, such as impeachment
> or--if disputed--proving ownership, control, or the feasibility of precautionary
> measures.

"The Fifth Circuit has held that evidence of subsequent remedial measures is admissible as 'proof of subsidiary issues in the case, such as knowledge of the dangerous condition.' " *Matter of Cheramie Marine, L.L.C.*, No. 21-2371, 2023 WL 4295710, at *9 (E.D. La. June 30, 2023) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1342 (5th Cir. 1978)). The evidence of the subsequent remedial measures in this case appears to be substantiating the testimony in Mr. Andre's affidavit and Plaintiff's deposition that Defendant should have been aware of the dangerous condition.

Second, Defendant argues that certain portions of Plaintiff's testimony should be stricken because it constitutes "self-serving, unsubstantiated deposition testimony." (Doc. 38-1 at 2.) Defendant argues that such testimony is not competent summary judgment evidence. (*Id.* at 1–2 (citing *Clark v. Circle K Stores, Inc.*, No. 13-210, 2014 WL 4129496 (M.D. La. Aug. 14, 2014)).) However, as this Court has recognized, "the fact that Plaintiff's testimony may be self-serving

10

does not preclude its consideration." *Parkman v. W&T Offshore, Inc.*, 673 F. Supp. 3d 811, 828 (M.D. La. 2023) (deGravelles, J.). In fact, "[i]f all 'self-serving' testimony were excluded from trials, they would be short indeed." *C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011). One Court previously explained:

> A party's own testimony is often "self-serving," but [a court] do[es] not exclude it as incompetent for that reason alone. Instead, testimony based on personal knowledge and containing factual assertions suffices to create a fact issue, even if it is self-serving. In fact, characterizing a party's testimony as "self-serving" is not useful to the court. In a lawsuit, where each party is attempting to advance his own cause and protect his own interests, we are scarcely shocked when a party produces evidence or gives testimony that is "self-serving."

*Hardy v. Wood Grp. PSN, Inc.*, No. 13-775, 2014 WL 1664236, at *3 (W.D. La. Apr. 25, 2014) (cleaned up) (quoting *C.R. Pittman Const. Co.*, 453 F. App'x at 443; *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir. 1989)). *See also Parkman v. W&T Offshore, Inc.*, 544 F. Supp. 3d 642, 650 (M.D. La. 2021). The statements that Defendant seeks to exclude are statements based on Plaintiff's personal knowledge of his accident, which is alone sufficient. Moreover, many of the statements are additionally supported by corroborating evidence in the form of photographs and the affidavit of Mr. Andre. Thus, the statements should not be stricken.

Lastly, Defendant argues that Plaintiff's statements regarding the loose board's lack of affixing hardware should be stricken because "the referenced photographs do not evidence some timbers having 'no fasteners at all.' " (Doc. 38-1 at 2.) However, this argument in and of itself creates an issue of fact. Thus, these statements were considered for purposes of this motion.

11

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 33) filed by Defendant the Kansas City Southern Railway Company against Plaintiff Travis J. Schmoock is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** in that Plaintiff's Failure to Warn Claim is **DISMISSED WITH PREJUDICE.** With respect to Plaintiff's Failure to Inspect/Maintain Claim, Defendant's motion is **DENIED,** and this matter will proceed to trial on such.

Signed in Baton Rouge, Louisiana, on <u>March 26, 2024</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**