UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS SCHMOOCK** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 20-CV-309-JWD-SDJ** |
| **THE KANSAS CITY SOUTHERN RAILWAY COMPANY, ET AL.** | |

### RULING ON KANSAS CITY SOUTHERN RAILWAY COMPANY'S MOTION IN LIMINE TO EXCLUDE SUBSEQUENT REMEDIAL MEASURES

Before the Court is the *Motion in Limine to Exclude Subsequent Remedial Measures* (Doc. 63) ("Motion") brought by defendant Kansas City Southern Railway Company ("KCSR" or "Defendant"). It is opposed by plaintiff Travis Schmoock ("Plaintiff" or "Schmoock"). (Doc. 67.) No reply brief was filed. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, the Motion is deferred until trial.

**I.    BACKGROUND**

On July 25, 2018, Plaintiff was involved in a single vehicle motorcycle accident at the Chenal Road railroad crossing in Pointe Coupee Parish, Louisiana. (Doc. 59 at 7, Pretrial Order ("PTO"), Established Facts.) Plaintiff contends "a loose board from the railroad track popped up and hit the back tire of [Plaintiff's] motorcycle, causing him to lose control and crash, thereby causing [him] injuries and damages . . . ." (*Id.* at 1-2.) Defendant argues that the crossing was properly maintained, it was not negligent, and that the accident and damages "were due solely as a result of [Plaintiff's] negligence." (*Id.* at 3.)

## II.     THE MOTION

In its Motion, KCSR asks the Court to prohibit Plaintiff from introducing evidence, arguing, or referring to "remedial measures taken or made by KCSR at the subject grade crossing subsequent to the occurrence of the instant accident including, but not limited to, the addition of bolts or screws to the crossing surface planks." (Doc. 63 at 1.) KCSR argues that the admission of such evidence would violate Federal Rule of Evidence 407, which prohibits the introduction of measures taken subsequent to the subject accident when the evidence is introduced for the purpose of proving negligence, culpable conduct, a defect in a product or its design, or a need for warning or instruction. (*Id.*) KCSR specifically asks the Court to preclude the introduction of argument or evidence regarding subsequent repairs to the crossing including "new hardware . . . installed to secure the loose timbers . . . ." which Plaintiff argues caused the accident. (Doc. 63-1 at 1-2.)

## III.    THE OPPOSITION

Plaintiff urges the Court to deny the Motion because it is "overly broad" and the disputed evidence may be admissible when offered for a purpose other than those mentioned specifically in Rule 407. (Doc. 67 at 2.) Plaintiff does not say specifically what other purpose this evidence might be offered for. Plaintiff also suggests that Rule 407 does not prohibit "evidence of repairs that render [the] situation the same as it was at [the] time of [the] accident. (*Id*. at 1 (citation omitted).)

## IV.     STANDARD

Rule 407 states:

Rule 407. Subsequent Remedial Measures

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> - negligence;
>
> - culpable conduct;

>> • a defect in a product or its design; or
>
>> • a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407.

"Rule 407 does not preclude the admission of subsequent remedial measures on grounds other than to prove culpability." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 429 (5th Cir. 2006). So, for instance, in the context of a products liability case, "[t]he admission of evidence of changes made merely to improve a product, as distinguished from remedial measures that make an 'injury or harm less likely to occur,' is not barred by the rule." *Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 739 (5th Cir. 2020) (quoting *Brazos River Auth.*, 469 F.3d at 428.) If disputed, such evidence may be introduced to prove "ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407.

## V.     ANALYSIS

The Court agrees with Plaintiff that KCSR's motion is so broad and devoid of context that it is impossible at this time to rule on it. With the exception of "the addition of bolts or screws to the crossing surface planks" (Doc. 63 at 1), KCSR provides no other specific pieces of evidence it believes may be introduced that run afoul of Rule 407's prohibition. Without knowing what evidence is being challenged and the purpose for which the evidence is being introduced, it is impossible for the Court to determine its admissibility *vel non*.

Even as to the one specific item KCSR mentions, (the addition of bolts or screws to the crossing surface planks of the accident crossing), it is not at all clear whether this evidence might be admissible for a purpose other than to prove KCSR's negligence or culpable conduct, such as

3

the feasibility of adding the bolts and screws before the accident, or to show KCSR's control over the crossing for purposes of making such improvements.

Therefore, the Court defers ruling on KCSR's Motion until trial. However, counsel for Plaintiff is instructed that if he intends to introduce evidence of measures taken by KCSR after the accident sued on with respect to the crossing in question, he should alert the Court and counsel outside the presence of the jury so that the issue may be taken up at that time.

## VI.   CONCLUSION

For the reasons stated above, the *Motion in Limine to Exclude Subsequent Remedial Measures* brought by defendant Kansas City Southern Railway Company (Doc. 63) is deferred until trial.

Signed in Baton Rouge, Louisiana, on <u>February 19, 2025</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**